**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRANDON C. HELMAN,** | Case No. 2:25-cv-00589-JLG-CMV |
| **Plaintiff,** | **JUDGE JAMES L. GRAHAM** |
| v. | |
| **JPMORGAN CHASE BANK, N.A.** | |
| **Defendant.** | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS**

Now comes Defendant JPMorgan Chase Bank, N.A., by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby respectfully requests this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Each of Plaintiff's claims fail as a matter of law for different reasons.  For these reasons and those discussed more thoroughly in the attached Memorandum in Support, which is incorporated by reference herein, Plaintiff's claims  must be dismissed for failure to state a claim upon which relief may be granted.

**TAFT STETTINIUS & HOLLISTER LLP**

*/s/ Sarah M. Benoit*
Sarah M. Benoit (0086616) (Trial Attorney)
John N. Huffman (0102116)
41 S. High Street, Suite 1800
Columbus, Ohio 43215
Tel: (614) 221-2838
Fax: (6145) 221-2007
E-mail:  sbenoit@taftlaw.com
         jhuffman@taftlaw.com

Daniela Paez (0091212)
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Tel: (216) 241-2838
Fax: (216) 241-3707
E-mail:  dpaez@taftlaw.com

*Attorneys for JPMorgan Chase Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRANDON C. HELMAN,** | Case No. 2:25-cv-00589-JLG-CMV |
| Plaintiff, | JUDGE JAMES L. GRAHAM |
| v. | |
| **JPMORGAN CHASE BANK, N.A.** | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS**

**I.     INTRODUCTION**

The Court should dismiss all claims asserted against JPMorgan Chase Bank, N.A. ("Chase") in this action because Plaintiff Brandon C. Helman ("Mr. Helman"), who purports to bring this lawsuit as the "authorized representative" of "BRANDON HELMAN, BRANDON CHARLES HELMAN or BRANDON C. HELMAN," which he describes as an "entity" (collectively, the "Helman Entity" and, together with Mr. Helman, "Plaintiff") fails to state a legally cognizable claim against Chase. In the Complaint, Plaintiff appears to take issue with a credit account between Plaintiff and Chase and seeks to discharge his credit account and obtain a refund of payments made on the account in addition to "$1,000,000 in damages" or "a CHASE Credit Card that has no credit limit and is automatically set-off each month."  To support that request, Plaintiff employs a "kitchen-sink" approach, asserting ten separate causes of action ranging from breach of contract (Count One) to "Peonage" (Count Five) and unjust enrichment (Count Seven).  Yet Plaintiff fails to allege a single affirmative act by Chase that would entitle him

to relief under *any* cause of action, including those pled in his Complaint. Indeed, while difficult to comprehend, Plaintiff's Complaint seems to hinge on the universally rejected "vapor money" theory.

Specifically, while Plaintiff does not identify himself as a sovereign citizen or reference "vapor money," a theory that so-called sovereign citizens invoke to avoid their legitimate debts, Plaintiff's allegations regarding "indorsements" appear to be premised on this notion. The "vapor money" theory has its genesis in "the decision by the United States in 1933 to discard the gold standard [with the passage of House Joint Resolution 192] resulted in the federal government's bankruptcy, after which lenders have been creating unenforceable debts because they are lending credit rather than legal tender." *Thomas v. Servbank,* No. 23-00223-TFM-B, 2023 U.S. Dist. LEXIS 218115, at *19-20 (S.D. Ala. Dec. 7, 2023). The theory is that "a loan imposes no repayment obligation if the indebtedness was funded with credit as opposed to hard currency," and "[t]he essence of the vapor money theory is that the promissory notes (and similar instruments) are the equivalent of money that citizens literally create with their signatures," as Plaintiff seemingly alleges he attempted to. *See infra.* at Part II.

The "vapor money" theory and other similar arguments have been uniformly rejected by federal courts across the country. *See Marvin v. Capital One,* 2016 U.S. Dist. LEXIS 117344, at *5 (W.D. Mich. Aug. 16, 2016) (collecting cases in which courts have found the vapor money theory "utterly frivolous" and "patently ludicrous"); *Baker v. CitiMortgage, Inc.,* No. 16-1103(DSD/JSM), 2016 U.S. Dist. LEXIS 121522, at *5-6 (D. Minn. Sep. 7, 2016) (dismissing Baker's claim that "CitiMortgage provided her a loan that was based on the bank's 'credit' instead of its assets" and "in issuing 'credit' instead of tangible currency, did not provide valuable consideration for the loan," because the claim relied on "vapor money" theory); *Barnes v.*

*Citigroup, Inc,* No. 4:10CV620 JCH, 2010 U.S. Dist. LEXIS 59140, at *4-7 (E.D. Mo. June 15, 2010) (dismissing claim based on vapor theory that plaintiff does not owe the money due on his loan because it was not backed by actual money but a bond); *Harvey v. Bank of Am. Corp.,* No. 4:10CV510 RWS, 2010 U.S. Dist. LEXIS 79621, at *14-16 (E.D. Mo. Aug. 6, 2010).

For these reasons, and as set forth in detail below, Plaintiff's Complaint should be dismissed in its entirety with prejudice and without leave to amend.

## II.     PROCEDURAL BACKGROUND AND FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff, supposedly as "agent" for himself if his name is styled in uppercase letters, asserts ten separate causes of action against Chase apparently related to a "credit account" between Chase and Plaintiff that he seeks to discharge.[2] (*See* Compl., ECF No. 3 ("Compl.") at ¶¶ 10-13.) Based on largely undecipherable allegations, Plaintiff asserts the following ten causes of action, presumably related to his account with Chase:

- (Count One)    Breach of Contract;
- (Count Two)    Breach of Fiduciary Duty;
- (Count Three)  Money had and Received;
- (Count Four)   Fraud;
- (Count Five)   Violation of 42 U.S.C. § 1994—Peonage;
- (Count Six)    Unlawful Conversion;
- (Count Seven)  Unjust Enrichment;
- (Count Eight)  Violation of 18 U.S.C. § 8;
- (Count Nine)   Violation of 18 U.S.C. § 1341; and
- (Count Ten)    Violation of 18 U.S.C. § 1431.

While Plaintiff alleges no affirmative, much less actionable, conduct by Chase, Plaintiff makes several allegations untethered from reality, such as claiming that "BRANDON CHARLES

---

[1] The facts set forth herein are taken from the Complaint and assumed true only for purposes of this Motion to Dismiss. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

[2] Plaintiff's "attempt to construe himself as some other person or a separate corporate or other entity . . . by notations such as 'ens legis' has no basis in law" and "spelling a name in uppercase letters . . . do[es] not create a different person or create an 'artificial entity' or a corporation under the law." *United States v. Hakim*, 2018 WL 6184796, at *2 (N.D. Ga. Aug. 22, 2018), *report and recommendation adopted*, 2018 WL 4791085 (N.D. Ga. Oct. 4, 2018).

3

HELMAN" is "able to legally create currency," which currency he apparently attempted to use to pay off his debt to Chase. (*Id*. at ¶¶ 42-64.) According to Plaintiff, however, Chase failed to accept his currency and continued to generate statements reflecting the purchases that he made using his Chase credit account, *id*. at ¶¶ 24, 31, which allegedly harmed Plaintiff as he was required to pay the bill to protect his credit score from being negatively impacted, *id*. at ¶ 107.

According to Plaintiff, it was "improper" to use "extraneous and unnecessary Federal Reserve Notes" (i.e., U.S. Dollars) to pay the Account balance on that credit account. (*Id*. at ¶ 14.) Instead, he alleges a "proper" method of paying the Account balance would be to "indorse . . . original collateral securities under qualified/special negotiation" that would then be exchanged for U.S. Dollars and pay down the balance his account. (*Id*. at ¶ 15.)

For the reasons set forth below, Plaintiff fails to and cannot state a claim against Chase upon which relief can be granted, and the Complaint must therefore be dismissed in its entirety with prejudice.

### III. LAW AND ARGUMENT

#### A. Standard of Review

The Federal Rules of Civil Procedure provide that all pleadings which state a claim for relief must contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleading standard as prescribed by Rule 8 does not require the plaintiff to set forth "detailed" factual allegations, it does require more than unsupported legal conclusions and collective allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 requires the plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, "labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Id.* Further, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more

4

than conclusions." *Iqbal*, 556 U.S. at 678-79 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When reviewing a motion to dismiss, a court must determine whether the complaint at issue contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). While a court must accept all allegations as true when assessing a motion under Rule 12(b)(6), "[b]are assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). To survive a motion to dismiss, a complaint's "factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 528 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). But this does "not require a court to conjure allegations on a litigant's behalf" or "create a claim for the *pro se* Plaintiff." *Profitt v. Divine Sol.*, No. CIV.A 3:10CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Martin v.*

5

*Overton,* 391 F.3d 710, 714 (6th Cir. 2004) and *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)).

### B. Plaintiff's Claim for Breach of Contract (Count One) Fails Because Plaintiff Does Not Allege Facts Establishing that Chase Breached Any Contract.

To state a viable breach of contract claim, Plaintiff must—and fails to—plead sufficient facts to establish: (1) the existence of a binding contract or agreement, (2) that it performed its contractual obligations, (3) that the other party failed to fulfill its contractual obligations without legal excuse, and (4) that it suffered damages as a result of the breach. *Horter Inv. Mgmt., LLC v. Cutter*, 257 F. Supp. 3d 892, 901 (S.D. Ohio 2017) (citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108 (1995)).

Here, however, Plaintiff's Breach of Contract claim (Compl. ¶¶ 68-71), fails to identify a contractual obligation owed to him by Chase, let alone any breach by Chase.  Instead, the facts supposedly supporting Plaintiff's cause of action are an allegation that Plaintiff was not advised of his "options" regarding "qualified/special indorsement[s]" and allegations concerning purported attempts to communicate between Chase and Mr. Helman. (Compl. at ¶¶ 69-72). But Plaintiff Entity does not allege that any of those attempts to communicate constitute a breach, nor could he. Plaintiff's breach of contract claim fails because it has not alleged the breach of any duty owed to him. In fact, while it is unclear what it is that Plaintiff claims "someone [should have] spoken to [him] about," Compl. at ¶ 69, it is clear that "[t]he law does not require that each aspect of a contract be explained orally to a party prior to signing." *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 501 (1998). With respect to the remaining allegations, Plaintiff fails to—and cannot—allege that Chase had any contractual duty to respond to his "orders and questions," much less that it breached any such nonexistent duty.

As such, Plaintiff's breach of contract claim fails as a matter of law and must be dismissed with prejudice.

### C. Plaintiff's Breach of Fiduciary Duty Claim (Count Two) Fails Because Chase Did Not Owe—or Breach—Any Fiduciary Duty to Plaintiff.

Plaintiff's claim for breach of fiduciary duty also fails at the outset because, as Plaintiff apparently recognizes, "a 'lender] does not have a fiduciary responsibility." Compl. ¶ 74. Yet, to state a cognizable claim under this theory, Plaintiff must, but again cannot, allege: "(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom." *Brooks v. Peoples Bank*, 732 F. Supp. 3d 765, 780 (S.D. Ohio 2024) (quoting *Akerstrom v. 635 W. Lakeside, Ltd.*, 105 N.E.3d 440, 446 (Ohio Ct. App. Jan. 11, 2018)). A "fiduciary relationship" is a relationship in which "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Tsepas v. JPMorgan Chase Bank, N.A.*, 2017 WL 1250801, at *4 (Ohio Ct. App. 2017) (quoting *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 662 N.E.2d 1074 (Ohio 1996)). Under Ohio law, "a debtor-and-creditor relationship does not generally create a fiduciary relationship." *Id*. (quoting *Groob v. KeyBank*, 843 N.E.2d 1170 (Ohio 2006)). Therefore, Ohio law does not recognize a fiduciary duty between a bank and its customer absent "special circumstances." *Id*.

Plaintiff—at most—alleges that he and Chase have a debtor-and-creditor relationship, and makes no effort whatsoever to establish any "special circumstances" that could have given rise to a fiduciary duty. Instead, Plaintiff alleges that Chase somehow has a fiduciary duty to ensure his "financial success" or to "mention[] . . . the benefits of qualified indorsements." (Compl. at ¶¶ 76, 85.) Chase, as an alleged creditor, owes no such duty, and Plaintiff's claim for breach of fiduciary duty fails at the outset and must be dismissed. *See, e.g.*, *U.S. Bank N.A. as Tr. of Holders of J.P.*

7

*Morgan Mortg. Acquisition Tr. 2006-CH2 v. Hill,* 2018 WL 5880953, at *10 (Ohio Ct. App. Nov. 9, 2018) (signing promissory note did not create a fiduciary relationship).

### D. Plaintiff's Claims for "Money Had and Received" (Count Three) and "Unjust Enrichment" (Count Seven) Are Equally Meritless.

Plaintiff's claims for money had and received and unjust enrichment are both equally incomprehensible and baseless because Plaintiff does not, and cannot, allege that Chase engaged in any wrongful conduct or was unjustly enriched by seeking repayment of the funds loaned to Plaintiff.

To state a claim for money had a received, Plaintiff must show that he is "a party to a contract [who] has fully performed and" Chase "has been ***unjustly*** enriched thereby." *F.D.I.C. v. Flagship Auto Ctr., Inc.*, No. 3:04 CV 7233, 2006 WL 2711788, at *4 (N.D. Ohio Sept. 21, 2006) (emphasis added) (citing *National City Bank, Norwalk v. Stang*, 84 Ohio App.3d 764, 242-243 (1992)). It is an equitable action, "based not on a contract but on a moral obligation to make restitution where retention of benefits bestowed would result in inequity and injustice." *Id.* Similarly, a claim for unjust enrichment requires showing that: "(1) a benefit was conferred by the plaintiff on the defendant, (2) the defendant had knowledge of the benefit, and (3) the defendant retained the benefit under circumstances in which it was unjust to do so without payment." *Bunta v. Superior VacuPress, LLC*, 171 Ohio St. 3d 464, 2022-Ohio-4363, ¶ 36.

Plaintiff's claims for money had and received and unjust enrichment are both fatally flawed for the same reason—Plaintiff has not, and cannot, alleged facts to establish that he conferred a benefit on Chase that Chase unjustly retained (or otherwise). Instead, Plaintiff's claim seems to be based on the unremarkable allegation that he owed a debt which he was required to pay using what he refers to as "entirely irrelevant Federal Reserve Notes" (*i.e.*, U.S. Dollars) or risk a lower credit score. (Compl. at ¶¶ 121, 124.) But, plainly, it is not actionable, much less wrongful, for Chase to

8

retain "Federal Reserve Notes" (*i.e.*, U.S. Dollars) that Plaintiff submitted to Chase to repay his debt. In essence, Plaintiff's unjust enrichment and money had and received claims appear to seek a declaration that a creditor's acceptance of a debtor's repayment of a debt is "unjust."

This theory is nonsensical, and if allowed to stand, would alleviate any debtor's obligation to repay any creditor. Because it is not unjust or inequitable for Chase to receive repayment of the funds it loaned on credit, Plaintiff's claims for money had and received and unjust enrichment fail as a matter of law and should be dismissed with prejudice.

   **E.**  **Mr. Helman's Fraud Claim (Count Four) Fails Because He Fails to Allege Any Fraudulent Statement With Particularity (or Otherwise).**

Plaintiff's fraud and negligent misrepresentation claims fail because the Complaint does not, and cannot, allege the elements of those claims with the specificity required by Fed. R. Civ. P. 9(b). A claim for fraud or misrepresentation does not satisfy Rule 9(b) and must be dismissed unless the complaint: "allege[s] the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 498 (S.D. Ohio 2012); *ITS Fin., LLC v. Advent Fin. Servs., LLC*, 823 F. Supp. 2d 772, 779 (S.D. Ohio 2011) Under Ohio law, "a cause of action for fraud will only lie when the complainant actually relied upon the representation, to [the complainant's] detriment, and the claimed injury must flow from the complainant's reliance on the alleged misrepresentation." *Windsor-Laurelwood Ctr. Behavioral Med. v. Waller Lansden Dortch & Davis*, No. 1:13 CV 00098, 2015 WL 1859005, at *5 (N.D. Ohio Apr. 22, 2015) (citing *Morgan Stanley Credit Corp. v. Fillinger*, 979 N.E.2d 362, 368 (Ohio Ct. App. 2012)). "The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendant to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *United States Hockenberry v. OhioHealth Corp.*, No.

9

2:15-CV-666, 2016 WL 4480350, at *3 (S.D. Ohio Aug. 25, 2016), *aff'd sub nom. United States ex rel. Hockenberry v. OhioHealth Corp.*, No. 16-4064, 2017 WL 4315016 (6th Cir. Apr. 14, 2017) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).

Here, however, Plaintiff fails to allege "the time, place, and content" of any alleged misrepresentation with any particularity. Instead, it appears that Plaintiff's entire fraud claim is premised on a "failure to educate him" about the nonsensical notion that he can "avail himself of his optional indorsements," which he claims somehow "damages [him] materially due to valuable instruments being purloined and not available to plaintiff." Compl. ¶¶ 97-102. Indeed, Plaintiff does not allege *any* statements, much less misrepresentations, by Chase. As such, he has failed to and cannot plead his fraud claim with anything resembling the required specificity. Accordingly, Count Four should also be dismissed with prejudice and without leave to amend.

### F. Plaintiff's Claim for Peonage (Count Five) Should be Dismissed Because Repayment of a Debt is not Involuntary Servitude.

Plaintiff's claim that by obtaining and failing to pay a credit card he has been subject to "peonage," *i.e.*, a form of involuntary servitude "in which the victim is coerced by threat of legal sanction to work off a debt to a master," *United States v. Kozminski*, 487 U.S. 931, 943 (1988), has no basis in fact, law, or common sense. To be clear, involuntary servitude requires that a victim have "no available choice but to work or be subject to legal sanction." *Id*. The statute that Plaintiff relies on to make this fantastical claim, which abolished peonage, provides as follows:

> The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void.

10

42 U.S.C. § 1994.

Indeed, courts that have considered this novel theory have uniformly rejected it because, to state the obvious, the fact that a debt is due to be paid does not amount to "involuntary service or labor." *See, e.g.*, *Wilson v. GMFS Mortg.*, No. CV 22-478-SDD-RLB, 2023 WL 1542431, at *7 (M.D. La. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 1802406 (M.D. La. Feb. 7, 2023) (dismissing similar claims because, as is the case here, "Plaintiff owes a debt; he has not been forced into slavery or involuntary servitude with respect to repayment of that debt."). Unless forced labor is required to pay off that debt, any claim under 42 U.S.C. § 1994 arising from repayment of a debt must be dismissed. *See, e.g.*, *Riser v. WSYX-TV ABC-6,* No. C2-02-091, 2002 WL 31409427, at *8 (S.D. Ohio July 17, 2002) ("Since Plaintiffs have not alleged that Defendants subjected them to involuntary servitude, [42 U.S.C. § 1994] provides no relief"); *Foskey v. Rendell*, 261 Fed. App'x 428, 430 (3d Cir. 2008) (affirming dismissal of peonage claim because plaintiff did "not allege that he ha[d] been coerced to work in violation of the Thirteenth Amendment, and thus, the complaint fail[ed] to state a claim"); *Wilson*, at *id.*; *Burns v. First Am. Tr. Servicing Sols., LLP*, No. C 11-0023 CW, 2011 WL 1344214, at *5 (N.D. Cal. Apr. 8, 2011), aff'd, 474 F. App'x 514 (9th Cir. 2012) (Dismissing plaintiffs' claim under 42 U.S.C. § 1994, where a debt existed because "Plaintiffs do not allege that either of these Defendants has required Plaintiffs to work for it until any debt is retired.").

Plaintiff's peonage claim is premised on the unremarkable fact that he has incurred and therefore owes a debt or he fears his credit score will be negatively impacted. (Compl. at ¶ 107.) This is not, by any stretch of the imagination, sufficient to support a claim that anyone, let alone Chase, subjected him to "involuntary servitude" or coerced him to work to pay off a debt. Accordingly, Plaintiff's claims for peonage (Count Five) must be dismissed with prejudice.

### G. Mr. Helman's Claim for Unlawful Conversion (Count Six) Fails Because He has not Alleged that any Property was Wrongfully Withheld.

Plaintiff has not alleged that any property has been converted, only that he allegedly incurred and was thus obligated to pay his credit card with "irrelevant and extraneous negotiable instruments called Federal Reserve Notes"—*i.e.*, he was somehow "wrongly" required to pay in U.S. Dollars. (Compl. at ¶ 111.) This does not in any way state a claim for conversion, which would require Plaintiff to show: "(1) [his] ownership or right to possess the property at the time of the conversion; (2) [Chase's] conversion by a wrongful act or disposition of plaintiff's property; and (3) damages.'" *C. Norris Mfg., LLC v. BRT Heavy Equip., LLC*, No. 5:14CV2797, 2017 WL 1179129, at *8 (N.D. Ohio Mar. 30, 2017) (quoting *Dana Ltd. v. Aon Consulting, Inc.*, 984 F.Supp.2d 755, 768 (N.D. Ohio 2013)). "The threshold inquiry for a conversion claim is whether there exists some property interest or right." *Id.*

Here, Plaintiff has not identified tangible or intangible property that has been converted, and he instead alleges that he was "forced to serve in a slavery position due to complete fraud regarding the indorsement of the negotiable instruments produced on these accounts." (Compl. at ¶ 116.) But Plaintiff does not even suggest that he has a property interest that may properly be the subject of a conversion claim, but rather alleges that any payment made was to pay off his own credit card balance. (Compl. at ¶ 112.) Chase's alleged acceptance of payment on a debt owed to Chase is not "conversion," and Plaintiff alleges no facts whatsoever to establish that Chase wrongfully withheld any property belonging to Plaintiff. As such, Mr. Helman fails to state a claim for conversion and count six must be dismissed with prejudice.

### H. Plaintiff's Claim for Violation 18 U.S.C. § 8 (Count Eight) Fails Because 18 U.S.C. § 8 Merely Defines a Term, and Does not Create a Cause of Action.

Plaintiff's claim for violation of 18 U.S.C. § 8, which defines the term "obligation or other security of the United States," fails because 18 U.S.C. § 8 "creates no cause of action against

12

anyone by anyone; it simply defines a term that is used in other federal criminal statutes." *Nunez v. Credit Acceptance Corp.*, No. 3:24CV1122(SVN), 2024 WL 4202448, at *3 (D. Conn. Aug. 27, 2024) (citing *Slaughter v. US Cellular*, No. 23-CV-1642-PP, 2023 WL 9051307, at *4 (E.D. Wis. Dec. 29, 2023)); *See also Arnold v. Santander Consumer USA,* No. 3:24-CV-1125 (VDO), 2025 WL 1358546, at *3 (D. Conn. May 9, 2025) (18 U.S.C. § 8 does "not provide a valid cause of action."); *Gerken v. Cap. One Fin. Corp.*, No. 1:24-CV-1423 (AMN/MJK), 2024 WL 5378958, at *3 (N.D.N.Y. Nov. 27, 2024), *report and recommendation adopted*, 2025 WL 47962 (N.D.N.Y. Jan. 8, 2025).

18 U.S.C. § 8 merely provides a definition—it does not create a private cause of action. As such, Count Eight likewise fails to state a claim and should be dismissed with prejudice.

### I. **Plaintiff's Claim Under 18 U.S.C. § 1341 (Count Nine), a Criminal Statute that Does Not Create a Private Right of Action, Fails.**

Count Nine of the Complaint, for violation of 18 U.S.C. § 1341 (a criminal statute) fares no better. 18 U.S.C. § 1341 (Setting forth a fine or imprisonment of 20 years for a violation.) As a general matter, "a private right of action is not maintainable under a criminal statute." *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973). Instead, "criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions." *Id.* The Sixth Circuit Court of Appeals has made clear that 18 U.S.C. § 1341 does "not provide a private right of action." *Whorton v. Cognitians*, LLC, No. 19-3488, 2019 WL 8917880, at *2 (6th Cir. Dec. 9, 2019) (citing *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997)); *see also Kafele v. Frank & Wooldridge Co.,* 108 F. App'x 307, 308 (6th Cir. 2004) (holding that an individual who brought a claim for violations of criminal statutes, including 18 U.S.C. § 1341

13

"possesses no private right of action against the defendants for alleged violations of those criminal statutes.")

Because 18 U.S.C. § 1341 does not create a private cause of action, Count Nine fails to state a claim upon which relief can be granted. It should be dismissed with prejudice.

### J. A Passing Reference to 12 U.S.C. § 1431 (Count Ten) is Insufficient to State a Claim.

Plaintiff's claim for an alleged violation of 12 U.S.C. § 1431, which only applies to a "Federal Home Loan Bank," also fails. *See Maxwell v. Synchrony Fin.*, No. 1:24-CV-561, 2024 WL 3554954, at *4 (N.D. Ohio July 26, 2024). Chase is not a Federal Home Loan Bank, and Plaintiff does not (and cannot) allege otherwise. For that reason alone, Count Ten fails to state a claim. Further, Plaintiff does not identify any facts to support his claim for a violation of 12 U.S.C. § 1431, and instead makes only passing reference to the statute. A reference to 12 U.S.C. § 1431 without "any facts relating to this statute" or any suggestion "how it might apply to" Plaintiff's claims against [Chase]" is insufficient to "state a viable claim under the statute." *Maxwell*, 2024 WL 3554954 at *4 (citing *Thomas v. Fam. Sec. Credit Union*, No. CV 23-00222-TFM-B, 2024 WL 478070, at *6 (S.D. Ala. Jan. 17, 2024) (collecting cases)).

Therefore, Count Ten fails to state a claim and should be dismissed with prejudice. *Id.*

### IV. CONCLUSION

For these reasons, every single claim in the Complaint fails to state a claim for which relief can be granted, and it should be dismissed with prejudice and without leave to amend.

14

          **TAFT STETTINIUS & HOLLISTER LLP**

          */s/ Sarah M. Benoit*
          Sarah M. Benoit (0086616) (Trial Attorney)
          John N. Huffman (0102116)
          41 S. Hight Street, Suite 1800
          Columbus, Ohio 43215
          Tel: (614) 221-2838
          Fax: (6145) 221-2007
          E-mail:  sbenoit@taftlaw.com
                    jhuffman@taftlaw.com

          Daniela Paez (0091212)
          200 Public Square, Suite 3500
          Cleveland, Ohio 44114-2302
          Tel: (216) 241-2838
          Fax: (216) 241-3707
          E-mail:  dpaez@taftlaw.com

          *Attorneys for JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of June, 2025, the foregoing was electronically filed with the Clerk of Court using CM/ECF, and a copy was served on the below via regular e-mail and regular U.S. mail:

Brandon C. Helman
P.O Box 22
Upper Sandusky, OH 43351
bhrealnm@gmail.com

*Plaintiff*

                                              **TAFT STETTINIUS & HOLLISTER LLP**

                                              */s/ Sarah M. Benoit*
                                              Sarah M. Benoit (0086616) (Trial Attorney)

                                              *Attorney for JPMorgan Chase Bank, N.A.*