# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRANDON C. HELMAN,** | Case No. 2:25-cv-00589-JLG-CMV |
| **Plaintiff,** | **JUDGE JAMES L. GRAHAM** |
| v. | **MAGISTRATE JUDGE CHELSEY M. VASCURA** |
| **JPMORGAN CHASE BANK, N.A.** | |
| **Defendant.** | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff Brandon C. Helman's ("Plaintiff") response ("Mem. in Opp."), Doc. 9, to JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss ("Motion" or "Mot."), Doc. 9, raises no objection whatsoever to the substantive arguments in Chase's Motion, which established that Plaintiff's ten claims against Chase all fail as a matter of law. Because Plaintiff fails to address, let alone challenge, the arguments in Chase's Motion, the Court may treat the Motion as effectively unopposed.

To the contrary, far from refuting that Plaintiff does not—and cannot—plead any cognizable claim against Chase, the response improperly relies on Plaintiff's contemporaneous filing of documents purporting to discharge his debt to Chase. *See* Doc. 11; Doc. 9. In doing so, Plaintiff underscores that his claims against Chase, no matter how "obscurely pled and confusingly explained, are clearly predicated on sovereign citizen and/or redemptionist legal theories that courts have roundly rejected as frivolous." *See Harrison v. Iriarte*, No. 1:23-CV-141-GHD-DAS, 2024 WL 4360626, at *9 (N.D. Miss. Aug. 6, 2024), *report and recommendation adopted*, No. 1:23-CV-00141-GHD-DAS, 2024 WL 4363236 (N.D. Miss. Sept. 30, 2024). Thus, Plaintiff's

claims can—and should—be rejected "summarily" and "without extended argument." *See, e.g.*, *Rogers v. Cap. One*, No. 3:23-CV-2392-JGC, 2024 WL 1119312, at *3 (N.D. Ohio Mar. 14, 2024) (dismissing claims based on "wildly misinformed theories [that] appear to grow from the completely unfounded 'sovereign citizen' conspiracy movement" that "ensnares unwitting Americans into the mistaken belief that they are somehow, by operation of a series of magic tricks and incantations, beyond the reach of law.").

## I. **Plaintiff Does Not Dispute—And Thus Concedes—The Arguments In Chase's Motion To Dismiss**

In its Motion to Dismiss, Chase established that each of the ten claims in Plaintiff's Complaint fail as a matter of law. Specifically, Chase established that:

- Count One, for breach of contract, fails because Plaintiff failed to allege that Chase owed or breached any contractual obligation. (Doc. 7 at PageID 135-136.)

- Count Two, for breach of fiduciary duty, fails because Plaintiff failed to allege that Chase owed, let alone breached, any fiduciary duty to Plaintiff. (*Id.* at PageID 136-137.)

- Counts Three and Seven, for money had and received and unjust enrichment, fail because Plaintiff did not sufficiently plead facts showing that Chase received or retained any benefit, much less unjustly so. (*Id.* at PageID 137-138.)

- Count Four, for fraud, fails because Plaintiff failed to plead fraud with particularity and, more specifically, failed to allege any fraudulent statement whatsoever. (*Id.* at PageID 138-139.)

- Count Five, for peonage, fails because, as a matter of law, repayment of a debt does not constitute involuntary servitude. (*Id.* at PageID 139-140.)

- Count Six, for unlawful conversion, fails because Plaintiff does not (and cannot) that any property interest was wrongfully withheld. (*Id.* at PageID 141.)

- Count Eight, for violation of 18 U.S.C. § 18, fails because that statute merely defines a term and does not create a cause of action. (*Id.* at PageID 141-142.)

- Count Nine, for violation of 18 U.S.C. § 1341, fails because that criminal statute does not create a cause of action. (*Id.* at PageID 142-143.)

- Count Ten, for violation of 12 U.S.C. § 1431, fails because Chase is not a Federal Home Loan Bank, and Plaintiff's passing reference to that statute is insufficient to state a cognizable claim. (*Id.* at 143.)

Plaintiff's response does not address, let alone grapple with, a single one of these substantive grounds for dismissal. (*See generally* Doc. 9, Mem. in Opp.). Plaintiff does not make even passing reference to any element of his claims and, "by failing to raise them in his brief opposing [Chase's] motion to dismiss the complaint," Plaintiff abandoned them. *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007). Indeed, "courts can and often do find parties concede arguments to which they do not respond." *Freeman v. Spoljaric*, 667 F.Supp.3d 636, 660 (S.D. Ohio 2023); *see also Aaron v. Durrani*, 2014 WL 996471, *5, n. 6 (S.D. Ohio Mar. 13, 2014) (internal citations omitted) ("[b]y ignoring th[ese] argument[s], Plaintiff concedes" them).

Instead of responding to the merits of Chase's Motion to Dismiss, Plaintiff recites a hodgepodge of red herring arguments and *ad hominem* attacks[1] against Chase and its counsel, ironically claiming that the well-reasoned arguments in Chase's Motion are "distractions." (*Id.* at PageID 147.) As set forth in detail in the Motion, however, Chase's arguments for dismissal have merit and are unopposed. Accordingly, Plaintiff's claims should be dismissed.

## II. Plaintiff's Complaint is Premised on "Sovereign Citizen" Ideology And Should Thus Be Summarily Dismissed.

At a more fundamental level, Plaintiff's response—despite doggedly disputing that his claims are based on "sovereign citizen" ideology—confirms that his claims are entirely premised

---

[1] These red herring arguments and *ad hominem* attacks are as meritless as they are irrelevant to the issues in the Motion to Dismiss. They include that Chase and its counsel have engaged in defamation by referring to Brandon as "Mr." Helman, that they removed this case to the Southern District of Ohio to "intimidate" him, that Chase's counsel should be "held accountable," held in contempt, and "potentially disbarred," that Chase has intimidated and illegally discriminated against him "in an attempt to silence and suppress [his] [] rights," and that Chase is a "fraudulent corporation." Plaintiff's nonsensical allegations are false and have nothing to do with the substantive issues presented in Chase's Motion to Dismiss.

on such theories. To be clear, "[a]lthough" Plaintiff "never wrote in his pleadings the words 'sovereign citizen,' . . . this case is clearly based on sovereign citizen ideology." *Harrison*, 2024 WL 4360626 at *2.

For example, Plaintiff misguidedly alleges that he is in fact "two separate parties" comprised of "an entity known as *Ens Legis* name "BRANDON CHARLES HELMAN/BRANDON C. HELMAN" and "Brandon C. Helman, a living Freeman of the Union, non-citizen national of The United States of America Republic," and the relationship between the two is based on "a Power of Attorney document." (Doc. 9, PageID 151.) Plaintiff's execution of "a durable power of attorney from himself to himself [is] a maneuver that does not make sense in law or practice until one understands that sovereign citizens believe they each possess two separate identities — an artificial 'straw man,' who has a birth certificate, and a real natural person who is not subject to government control." *Harrison*, 2024 WL 4360626 at *2. As is common in these cases, Plaintiff "has used all capitals to spell his name in some places in his complaint in reference to the 'straw man'" while [a]t other times he has used normal capitalization, a common sovereign citizen practice to identify the natural person who is not subject to government control." *Id.*; *see also Knapp v. Compass Minnesota, LLC*, No. 24-CV-00100 (SRN-DTS), 2024 WL 2832502, at *7 (D. Minn. June 4, 2024) (dismissing claims based on "[t]his scheme," which is "equal parts revisionist legal history and conspiracy theory" and "rests on the belief that through 'contracts' with the Federal government such as birth certificates and Social Security cards, U.S. citizens maintain both a flesh-and-blood existence and a fictitious entity or 'strawman' that represents, but is separate from, the real person.").

Plaintiff also cites "the C'estui Que Vie Act of 1666," Doc. 9, PageID 151, another hallmark of cases that are "clearly predicated on sovereign citizen and/or redemptionist legal

theories that courts have roundly rejected as frivolous." *Harrison*, 2024 WL 4360626 at *9 (citing Thomas *v. Servbank*, 2023 WL 9226936 (S.D. Ala. Dec. 7, 2023), *report and recommendation adopted*, 2024 WL 313623 (S.D. Ala. Jan. 25, 2024)).

In short, as this Court has held in dismissing a similar complaint in which, like Plaintiff, a *pro se* litigant sought to avoid a debt, "the complaint is utterly frivolous and lacks any legal foundation whatsoever." *Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006). Thus, it "would be a further waste of judicial resources to delve into the voluminous allegations contained in [the] complaint," *id*., which hinges on the absurd notion that Plaintiff's "promissory notes" or "bills of exchange" constitute payment of or consideration for his debt owed to Chase. *See, e.g.*, Compl., Doc. 1, ¶¶ 23-36. As such, "Plaintiff's claims reek of tax protester or so-called sovereign citizen theory," through which plaintiffs "seek to avoid debts because the creditor had no money to lend" and which "have been found to be brought in bad faith and sanctionable." *Marvin v. Cap. One*, No. 1:15-CV-1310, 2016 WL 4548382, at *4–5 (W.D. Mich. Aug. 16, 2016), *report and recommendation adopted*, No. 1:15-CV-1310, 2016 WL 4541997 (W.D. Mich. Aug. 31, 2016), *aff'd*, No. 16-2307, 2017 WL 4317143 (6th Cir. June 6, 2017); *see also Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753 (W.D. Va. 2007), *aff'd* 282 Fed. App'x. 260 (4th Cir. 2008) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail.").

III. **CONCLUSION**

For these reasons and those set forth in Chase's Motion to Dismiss, every claim in the Complaint fails to state a claim for which relief can be granted. The Complaint should be dismissed with prejudice and without leave to amend.

**TAFT STETTINIUS & HOLLISTER LLP**

*/s/ Sarah M. Benoit*
Sarah M. Benoit (0086616) (Trial Attorney)
John N. Huffman (0102116)
41 S. High Street, Suite 1800
Columbus, Ohio 43215
Tel: (614) 221-2838
Fax: (614) 221-2007
E-mail:  sbenoit@taftlaw.com
　　　　 jhuffman@taftlaw.com

Daniela Paez (0091212)
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Tel: (216) 241-2838
Fax: (216) 241-3707
E-mail:  dpaez@taftlaw.com

*Attorneys for JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of July, 2025, the foregoing was electronically filed with the Clerk of Court using CM/ECF, and a copy was served via regular e-mail and regular U.S. mail on:

Brandon C. Helman
P.O Box 22
Upper Sandusky, OH 43351
bhrealnm@gmail.com

*Pro-Se Plaintiff*

**TAFT STETTINIUS & HOLLISTER LLP**

*/s/ Sarah M. Benoit*
Sarah M. Benoit (0086616) (Trial Attorney)

*Attorney for JPMorgan Chase Bank, N.A.*

173818563