UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRANDON CHARLES HELMAN,**

    **Plaintiff,**

    v.                                  Civil Action 2:25-cv-589
                                        Judge James L. Graham
                                        Magistrate Judge Chelsey M. Vascura

**JPMORGAN CHASE BANK, N.A.,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Brandon Charles Helman, an Ohio resident proceeding without the assistance of counsel, sues Defendant, JPMorgan Chase Bank, N.A., seeking a ruling that he owes no legal obligation to repay debt arising from a credit account held by Plaintiff at Chase. Plaintiff has submitted a request to proceed *in forma pauperis*. (ECF No. 8.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 3) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted, and that

the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. As a result, it is further **RECOMMENDED** that the Court **REMAND** this action to the Court of Common Pleas for Franklin County, Ohio, and that Defendant's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion for Discovery (ECF No. 14) be **DENIED WITHOUT PREJUDICE** to re-filing in state court.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also

2

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff commenced this action on April 25, 2025, in the Court of Common Pleas for Franklin County, Ohio. (Compl., ECF No. 3.) On May 27, 2025, Chase removed the action to this Court, relying on federal question jurisdiction under 28 U.S.C. § 1331 for Plaintiff's federal claims and supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's state-law claims. Chase filed a Motion to Dismiss on June 16, 2025 (ECF No. 7), and Plaintiff's motion for leave to proceed *in forma pauperis* followed on June 30, 2025 (ECF No. 8). Having granted Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court turns to the screen of Plaintiff's Complaint as provided by that statute.

Although Plaintiff's Complaint is not a model of clarity, it appears undisputed that Plaintiff holds a credit account with Chase and that Plaintiff seeks to be discharged from any repayment obligation on that account. Plaintiff asserts ten separate causes of action: (1) breach of contract, (2) breach of fiduciary duties, (3) money had and received, (4) fraud, (5) peonage under 42 U.S.C. § 1994, (6) unlawful conversion, (7) unjust enrichment, (8) violation of 18 U.S.C. § 8, (9) violation of 18 U.S.C. § 1341, and (10) violation of 12 U.S.C. § 1431. As relief, he seeks a discharge of the Chase credit account, a refund of all payments made on the account, and either $1 million in damages or a Chase credit card "that has no credit limit and is automatically set-off each month." (Compl. ¶ 142–45, ECF No. 8.)

The Court first considers Plaintiff's federal claims. Count 5 advances a claim under 42 U.S.C. § 1994. This statute abolishes "peonage," a form of involuntary servitude "in which the victim is coerced by threat of legal sanction to work off a debt to a master." *United States v. Kozminski*, 487 U.S. 931, 943 (1988). But "[s]ince Plaintiff[ ] ha[s] not alleged that Defendant[ ] subjected [him] to involuntary servitude, [§ 1994] provides no relief." *Riser v. WSYX-TV ABC-6*, No. C2-02-091, 2002 WL 31409427, at *8 (S.D. Ohio July 17, 2002); *see also Burns v. First*

4

*Am. Tr. Servicing Sols., LLP*, No. C 11-0023 CW, 2011 WL 1344214, at *5 (N.D. Cal. Apr. 8, 2011), *aff'd*, 474 F. App'x 514 (9th Cir. 2012) (dismissing plaintiffs' claim under 42 U.S.C. § 1994, because "Plaintiffs do not allege that either of these Defendants has required Plaintiffs to work for it until any debt is retired.").

Count 8 advances a claim for violation of 18 U.S.C. § 8. But this statute merely defines the term "obligation or other security of the United States" as used in other provisions of Title 18 of the U.S. Code; it does not create a cause of action. *See Goodwin v. Flagstar Bank*, No. 1:19-CV-859, 2020 WL 9762478, at *1 (W.D. Mich. Feb. 26, 2020) (affirming dismissal of claim under § 8 because the plaintiff had "not explained how he has a private cause of action, a civil remedy, against a financial institution based on the definition found in Title 18."); *Nunez v. Credit Acceptance Corp.*, No. 3:24CV1122(SVN), 2024 WL 4202448, at *3 (D. Conn. Aug. 27, 2024) (§ 8 "creates no cause of action against anyone by anyone; it simply defines a term that is used in other federal criminal statutes") (quoting *Slaughter v. US Cellular*, No. 23-CV-1642-PP, 2023 WL 9051307, at *4 (E.D. Wis. Dec. 29, 2023)).

Similarly, Plaintiff's reliance on the federal mail fraud statute, 18 U.S.C. § 1341, in Count 9 is misplaced, because that criminal statute also does not create a private right of action. *See Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) ("Violations of . . . section[ § 1341] of the federal criminal code, however, do not give rise to private causes of action."); *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308 (6th Cir. 2004) ("Kafele possesses no private right of action against the defendants for alleged violations of those criminal statutes [including 18 U.S.C. § 1341].").

Finally, Plaintiff's Count 10 relies on 12 U.S.C. § 1431, which governs powers and duties of "Federal Home Loan Banks" as part of the Federal Home Loan Bank Act, 12 U.S.C. §§ 1421,

5

*et seq.* Federal Home Loan Banks are established in each of 11 regions across the United States by the Director of the Federal Housing Finance Agency. *See* 12 U.S.C. § 1422(11), 1423. Plaintiff has not alleged, nor could he allege, that Chase is a Federal Home Loan Bank governed by § 1431. Plaintiff therefore has not stated a claim against Chase under § 1431 on which relief can be granted. *See Maxwell v. Synchrony Fin.*, No. 1:24-CV-561, 2024 WL 3554954, at *4 (N.D. Ohio July 26, 2024) (dismissing claim under § 1431 because plaintiff did not "suggest how it might apply to her claims against Synchrony Financial").

Having recommended dismissal of all of Plaintiff's federal claims, the undersigned also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for breach of contract, breach of fiduciary duty, money had and received, fraud, conversion, and unjust enrichment. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted).

Here, Plaintiff's state-law claims fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant,

6

and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's remaining claims pertain to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff or Chase alleged that the parties are citizens of different states.[1] Thus, the parties have failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over Plaintiff's state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it remand any such claims to the Court of Common Pleas for Franklin County, Ohio.

### III. DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 8) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's federal claims in Counts 5 and 8–10 be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims in Counts 1–4 and 6–7 in accordance with 28 U.S.C. § 1367(c)(3) and that the Court **REMAND** this action to the Court of Common Pleas for Franklin County, Ohio. It is further **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 7) and

---

[1] Nor could the parties allege diversity of citizenship, as it appears both Plaintiff and Chase are citizens of Ohio for diversity jurisdiction purposes. *See* Compl. ¶ 7 (Plaintiff "is a resident of Wyandot County, Ohio"); *Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*, 474 B.R. 526, 533 (Bankr. S.D. Ohio 2012) (Chase is a citizen of Ohio because its "Articles of Association state that its main office shall be in the State of Ohio.") (cleaned up) (citing *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 306 and 318 (2006)).

Plaintiff's Motion for Discovery (ECF No. 14) be **DENIED WITHOUT PREJUDICE** to re-filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE